**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Armando Valles, et al., | ) | CV-08-09-TUC-FRZ (JCG) |
| Plaintiffs, | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | |
| Pima County, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is a Motion to Dismiss filed by Defendants West Speedway Partners, LLC ("West") and The Villas at Hacienda del Sol, Inc. ("the Villas") on April 21, 2008.  (Doc. No. 66.)  Plaintiffs filed a response on April 30, 2008.  (Doc. No. 73.) Defendants West and the Villas filed a reply on May 12, 2008.  (Doc. No. 81.)

Also pending before the Court is a Motion for Sanctions filed by West and the Villas on April 23, 2008. (Doc. No. 69.)  Plaintiffs filed a response on April 30, 2008 and West and the Villas timely replied.  (Doc. Nos. 75 & 82.)

Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin for a report and recommendation. On June 5, 2008, a hearing on the Motions was held before Judge Guerin.  After review, the Magistrate recommends the District Court, after its independent review of the record, enter an order granting Defendants' Motions.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are subdivision homeowners who seek to force completion of their subdivision and to recover monetary damages after the developer of the subdivision filed for bankruptcy.  According to Plaintiffs' Amended Complaint, West is a Limited Liability

1   Company that develops and sells real estate.  (Doc. No. 33, pg. 10.)[1]   The Villas is an

2   Arizona Corporation doing business in Pima County.  (*Id*. at pg. 11.)  Plaintiffs allege that

3   some of the liquid assets of West were fraudulently conveyed to the Villas.  (*Id*.)

4       Sometime prior to January, 2004, West purchased 36.16 acres of real property in Pima

5   County for the purpose of developing the Enclave at Gates Pass subdivision.  (*Id*. at pgs. 9,

6   13.)  On January 7, 2004, a final plat was recorded for the Enclave.  (*Id*. at pg. 13.)

7   Sometime thereafter, Plaintiffs purchased lots within the Enclave.  (*Id*. at pg. 16.)  The sales

8   contracts entered into between West and Plaintiffs provided that subdivision improvements

9   would be completed before February 28, 2005.  (*Id*. at pg. 42.)  West failed to complete the

10  subdivision improvements by that date, thereby depriving Plaintiffs of their ability to use,

11  enjoy or re-sell their homes.  (*Id*. at pg. 16.)

12      On March 28, 2005, the Villas filed a voluntary petition for bankruptcy under Chapter

13  11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of

14  Arizona.[2]  (Doc. No. 66, Ex. A.)  The Bankruptcy Court confirmed a plan of reorganization

15  on January 12, 2006; the plan was modified on February 6, 2006.  (Doc. No. 66, Ex. A.)

16

17      [1] Plaintiffs' Amended Complaint is difficult to cite to because it is divided into sections

18  organized by roman numeral; within each of those sections the paragraphs are numbered and
    some of the sections contain sub-sections organized by letter.  In addition, Plaintiffs' Amended
    Complaint is 51 pages long and includes 43 pages of exhibits.  Accordingly, the Report and

19  Recommendation cites to the Amended Complaint by page number rather than paragraph.

20      [2] West and the Villas requested that the Court take judicial notice of their bankruptcy

21  proceedings and attached the relevant pleadings and orders from those proceedings to their
    Motion to Dismiss.  (Doc. No. 66, fn. 2.)  Fed. R. Evid. 201(d) provides that the Court "shall
    take judicial notice if requested by a party and supplied with the necessary information."  The

22  Court "may take notice of proceedings in other courts, both within and without the federal
    judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel.*

23  *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations
    omitted). A court may take judicial notice of matters of public record without converting a

24  motion to dismiss into a motion for summary judgment, as long as the facts noticed are not
    subject to reasonable dispute.  *See Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d

25  1048, 1052 (9th Cir. 2007).  Thus, there is no merit to Plaintiffs' contention that because West
    and the Villas attached copies of the bankruptcy court pleadings to their Motion to Dismiss, the

26  Court must convert the Motion to Dismiss to a Motion for Summary Judgment and defer ruling
    on the Motion until after discovery has been conducted.  The only matters outside the pleadings

27  which the Court has reviewed in considering the pending Motion to Dismiss are pleadings and
    orders from the Villas' and West's bankruptcy proceedings.

28

2

On or about December 15, 2006, West filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona. (Doc. No. 33, pg. 22.) During the course of West's bankruptcy proceedings, at a bankruptcy hearing on March 7, 2007, Plaintiffs allege that they first discovered that West had transferred liquid assets to other entities/alter egos of West, including the Villas, leaving West insolvent and unable to complete construction.[3] (Doc. No. 33, pg. 26; Doc. No. 73, Ex. 1.) West allegedly made these transfers despite its knowledge that improvements to the Enclave were not complete and that a substantial amount of work needed to be re-done. (*Id.*)

On August 8, 2007, West proposed a plan of reorganization whereby a third party, West Speedway Phase II ("WSPII") would obtain a loan to be used to complete the improvements to the Enclaves as well as purchase and develop an adjoining subdivision. (Doc. No. 66, Ex. B.)

At this point, Plaintiffs began filing documents in different forums and taking inconsistent actions in an attempt to redress their injuries. On January 3, 2008, Plaintiffs filed the pending action against West, the Villas and other Defendants in this Court. (Doc. No. 1.)

One day later, Plaintiffs objected in the bankruptcy court to West's plan of reorganization on the ground that the plan did not provide adequate assurances that the improvements to the Enclave would be completed by WSPII. (Doc. No. 66, Ex. B.)

On January 8, 2008 (after filing their Complaint in this Court), Plaintiffs filed in bankruptcy court a motion for relief from stay in order to pursue the pending litigation. (Doc. No. 66, Ex. B.)

Plaintiffs withdrew their objection to West's plan of reorganization on January 22, 2008 and the plan was confirmed on January 28, 2008. (*Id.*)

On February 4, 2008, Plaintiffs withdrew their motion for relief from stay. (Doc. No. 66, Ex. B.)

---

[3] The Court takes judicial notice of the transcript from March 7, 2007 bankruptcy hearing cited in Plaintiffs' Response to the Motion to Dismiss. (Doc. No. 73, Ex. 1.)

3

On February 13, 2008, in the federal action, Plaintiffs filed a Request for Voluntary Dismissal of West and the Villas.  (Doc. No. 20.)  Plaintiffs sought the dismissal on the ground that Plaintiffs intended to seek relief for their claims against WSP and the Villas in those Defendants' respective bankruptcy cases.  While the Request for Voluntary Dismissal was pending, however, Plaintiffs moved to amend their Complaint on the ground that a plan had been approved within West's bankruptcy case and Plaintiffs wanted to amend the complaint to address said plan and conform the Complaint to the evidence.  (Doc. No. 26.) In the Amended Complaint, Plaintiffs alleged claims against West for breach of contract and misrepresentation, (Doc. No. 33, pgs. 41-43), and alleged a claim against the Villas for fraudulent conveyance.  (Doc. No. 33, pgs. 46-47.)   In addition, the proposed amended complaint included several amendments unrelated to West, including a change in Plaintiffs' counsel and new allegations against Defendant Pima County.

The Magistrate issued a Report and Recommendation on February 25, 2008, recommending that Defendants West and the Villas be dismissed from the litigation without prejudice.  (Doc. No. 29.)  The Report and Recommendation was adopted on March 13, 2008.  (Doc. No. 34.)  West and the Villas were dismissed from the Complaint without prejudice on that date.

Two days before West and the Villas were dismissed, the Court granted Plaintiffs' Motion to Amend Complaint.  (Doc. No. 33.) The Amended Complaint, which named West and the Villas as Defendants, appeared to conflict with Plaintiffs' stated desire to dismiss West and the Villas from the litigation.  On March 26, 2008, Plaintiffs filed a Request for Clarification, asking the Court to clarify whether West and the Villas remained parties to this action.  (Doc. No. 46.)  The Court set the matter for a scheduling conference, which the parties stipulated to continue.  (Doc. Nos. 50, 54 & 63.)  The scheduling conference is currently set for June 24, 2008.  (Doc. No. 77.)  Meanwhile, West and the Villas filed the pending Motion to Dismiss, arguing that to the extent that Plaintiffs had re-asserted claims against them in the Amended Complaint, those claims should be dismissed pursuant to Rule

4

12(b)(6), Fed. R. Civ. P., because they violated 11 U.S.C. § 524(a) and 11 U.S.C. § 1141(d)(1)(A).

**MOTION TO DISMISS**

**A.          STANDARD OF REVIEW**

The dispositive issue raised by a Rule 12(b)(6) motion is whether the facts as pleaded, if established, support a valid claim for relief.  *See Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989).  In reviewing a motion to dismiss for failure to state a claim, this Court's review is limited to the contents of the complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).   All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Id*.   A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Id*.

Rule 12(b) provides that if, on a motion to dismiss for failure to state a claim, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, provided that all parties receive reasonable opportunity to present all material made pertinent to such a motion.

In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987).  Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  Material facts are those "that might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.  A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.

5

1    **B.    DISCUSSION**

2        As a threshold matter, in responding to the Motion to Dismiss, Plaintiffs incorrectly

3    argued that West and the Villas have already been dismissed without prejudice from this

4    action.[4]  Apparently, Plaintiffs believe that because the Order dismissing West and the Villas

5    without prejudice was filed after Plaintiffs filed their Amended Complaint, West and the

6    Villas should be considered dismissed from the Amended Complaint.  However, the Order

7    of Dismissal only considered whether West and the Villas should have been dismissed

8    without prejudice from the original Complaint, as Plaintiffs requested.  Upon the filing of

9    Plaintiffs' Amended Complaint, West and the Villas were once again named as parties in this

10   action.[5]  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (holding that amended

11   complaint supersedes original complaint).

12       West and the Villas contend that 11 U.S.C. § 524(a) and 11 U.S.C. § 1141(d)(1)(A)

13   prohibit Plaintiffs from pursuing claims against West and the Villas in this Court. Those

14   statutes operate to protect bankruptcy debtors from a multitude of legal actions by creditors

15   outside of bankruptcy proceedings.  Once a bankruptcy petition is filed, all actions against

16   the debtor are stayed and no action may be commenced against the debtor unless the stay is

17   lifted by the bankruptcy court.  *See* 11 U.S.C. § 362(a).  After a bankruptcy plan has been

18   confirmed, creditors are bound by the plan and cannot pursue any claim that arose before the

19   bankruptcy plan was confirmed.  *See* 11 U.S.C. § 524(a) and 11 U.S.C. § 1141(d)(1)(A).

20       In the present case, Plaintiffs' claims against West arose before West's bankruptcy

21   plan was confirmed on January 28, 2008.  This is evidenced by the fact that, on January 3,

22   2008, Plaintiffs filed the pending action against West; the original complaint contains claims

23

24       [4] Plaintiffs' argument regarding West and the Villas status is inconsistent – although arguing that West and the Villas have been dismissed from the action, Plaintiffs also repeatedly

25   insisted during oral argument and in their Response that they have adequately plead claims against West and the Villas in their Amended Complaint.  In addition, Plaintiffs previously filed a Request for Clarification with the Court, stating that they were uncertain whether West and the

26   Villas remained parties to this action.

27       [5] At oral argument, Plaintiffs' counsel apologized for leaving West and the Villas in the caption of her Amended Complaint.  As stated above, however, the Amended Complaint did not

28   just name West and the Villas in the caption, it asserted numerous claims against them in the body of the pleading.

6

1   against West for breach of contract and misrepresentation which are essentially identical to

2   the claims alleged in the Amended Complaint.  Thus, Plaintiffs claims against West in this

3   Court are clearly barred by 11 U.S.C. § 524(a) and 11 U.S.C. § 1141(d)(1)(A).

4          Plaintiffs' claim against the Villas arguably did not arise until March 7, 2007, when

5   Plaintiffs allegedly discovered that West had fraudulently transferred funds to the Villas.

6   The Villas plan of reorganization was confirmed by the bankruptcy court on January 12,

7   2006.  Assuming that Plaintiffs' claim against the Villas did not arise until after confirmation

8   of the plan, 11 U.S.C. § 524(a) and 11 U.S.C. § 1141(d)(1)(A) do not apply to bar Plaintiffs'

9   claims.  However, a lawsuit in this Court is not the proper vehicle for pursuing a claim

10  against the Villas, because the bankruptcy court has retained jurisdiction over "litigation of

11  Claims against the estate not otherwise discharged, and any other causes of action, contested

12  matters, or adversary proceedings over which this Court has jurisdiction."  (Doc. No. 66, Ex.

13  A, Order Confirming Reorganization Plan, ¶ 7.3.5.)  The bankruptcy court retains such

14  jurisdiction until the Villas plan is fully administered.  *See In re Johns-Manville Corp.*, 97

15  B.R. 174, 180 (Bkrtcy. S.D.N.Y.,1989) (collecting cases).  Any action in this Court

16  necessarily constitutes an impermissible attempt to obtain assets from a debtor whose assets

17  are the province of the bankruptcy court.  See *In re Crown Vantage, Inc.*, 421 F.3d 963,

18  970-972 (9th Cir. 2005) ("The filing of a bankruptcy petition creates a bankruptcy estate,

19  consisting of all of the debtor's legal or equitable interests in property 'wherever located and

20  by whomever held.' 11 U.S.C. § 541(a).").  Thus, if Plaintiffs wish to proceed on a claim

21  against the Villas that arose following confirmation of the plan, they have the option of

22  seeking relief from the finality of the plan in bankruptcy court via Federal Rule of

23  Bankruptcy Procedure 9024, which permits a party to use Rule 60, Fed. R. Civ. P. to apply

24  for relief from a judgment or order.  *See also* 11 U.S.C.A. § 350(b) ("A case may be

25  reopened in the court in which such case was closed to administer assets, to accord relief to

26  the debtor, or for other cause.")  Rule 60, Fed. R. Civ. P. provides that newly discovered

27  evidence and fraud are both grounds for relief from a judgment.

28

  
1   Plaintiffs assert that they have no objection to West and the Villas being dismissed

2   from this action *without* prejudice.  However, Plaintiffs contend that they anticipate being

3   able to pursue their claims against West and the Villas as an exception to discharge and/or

4   injunction in the future, once they have conducted discovery or in the event that the plans are

5   not fully administered.  Accordingly, Plaintiffs argue that it would be premature to dismiss

6   West and the Villas from this action *with* prejudice.  The Bankruptcy Code does recognize

7   some exceptions to discharge if the debtor engaged in fraud or misrepresentation.  *See* 11

8   U.S.C. §1141; 11 U.S.C. §727; 11 U.S.C. §523.  However, as explained above, to the extent

9   that Plaintiffs believe that they may be able to pursue claims against West and the Villas as

10  exceptions to discharge, those claims would be properly brought in the bankruptcy court, not

11  this Court.[6]  *See* Rule 4007, Federal Rules of Bankruptcy Procedure ("A debtor or any

12  creditor may file a complaint to obtain a determination of the dischargeability of any debt.").

13  *See In re Fisher*, 186 B.R. 70, 71 (Bkrtcy. E.D. Tex. 1995) ("[P]ursuant to 11 U.S.C. §

14  523(c), the bankruptcy court has exclusive equitable jurisdiction to determine the

15  dischargeability of debts under 11 U.S.C. § 523(a)(2), (4) and (6)."); *Harris v. U.S. Fire Ins.*

16  *Co.*, 162 B.R. 466, 468 (E.D. Va. 1994) (same).  Plaintiffs may not file an action in this Court

17  in order to search, via discovery, for evidence supporting claims that they failed to pursue

18  in bankruptcy court.[7]

19       Furthermore, Plaintiffs have cited no authority to support their assertion that they may

20  "preserve their right" to pursue claims against West and the Villas at a later date by

21  voluntarily dismissing them from their original complaint but nonetheless naming them in

22  their Amended Complaint.  Plaintiffs do not have a legal basis for pursuing claims against

23

24

25       [6] Plaintiffs' deadline to pursue claims against West and the Villas as exceptions to
26  discharge in the bankruptcy court may have expired.  *See* Rule 4007, Federal Rules of
    Bankruptcy Procedure.

27       [7] In fact, Plaintiffs state in their Response to the Motion for Sanctions that they were met
28  with opposition when they attempted to subpoena records in the bankruptcy matter and so
    elected to dismiss their claims against West and the Villas, intending to pursue the claims later
    "when the evidence is in hand."

1   West and the Villas in this Court.  They are not entitled to keep one foot in the courthouse

2   door while they try to find a legal basis for being here.

3          Although Plaintiffs are not entitled to legal relief in this Court, the Magistrate

4   nevertheless recommends that the action against West and the Villas be dismissed without

5   prejudice in order to preserve Plaintiffs' ability to seek any relief remaining in bankruptcy

6   court.  *See* Fed.R.Civ.P. 41(b) (non jurisdictional or venue dismissals).  As previously stated,

7   Plaintiffs can prove no set of facts which would entitle them to relief against West and Villas

8   *in this Court*.  The claims brought by Plaintiffs against West and the Villas, to the extent that

9   they are not completely barred by 11 U.S.C. § 524(a) and 11 U.S.C. § 1141(d)(1)(A), are

10  appropriately addressed in West's and the Villas' bankruptcy proceedings.

11         Finally, if Defendants the Villas and West are dismissed from the Amended

12  Complaint, Plaintiffs are not permitted to use this litigation as a vehicle for requesting

13  discovery from the Villas and West in the hope of re-asserting claims against them later.[8]

14  Rule 26(b), Fed. R. Civ. P., specifically limits discovery to matters that are "relevant to the

15  claim or defense of any party."  As dismissed Defendants, neither West nor the Villas would

16  be considered parties to this action.

17         Accordingly, the Magistrate recommends that the District Court grant the Motion to

18  Dismiss and dismiss Defendants West and the Villas *without prejudice*.

19         **MOTION FOR SANCTIONS AND AWARD OF ATTORNEYS' FEES**

20         West and the Villas seek sanctions against Plaintiffs pursuant to Rule 11, Fed. R. Civ.

21  P and an award of attorneys' fees pursuant to A.R.S. § 12-341.01.[9]

22

23         [8] Although Plaintiffs stated at oral argument that they did not intend to request discovery
    from West and the Villas, Plaintiffs' Response to the Motion to Dismiss states "Plaintiffs pray
24  the honorable Court will continue Defendants' motion until Plaintiffs are provided reasonable
    opportunity to conduct discovery specifically as to the Plaintiffs' basis for exception to discharge
25  and/or injunctions as to Plaintiffs' claims against Defendants [West and the Villas]."  (Doc. No.
    74, pg. 3.)
26
          [9] Rule 11, Fed. R. Civ. P. provides a mandatory 21-day safe harbor provision, during
27  which the movant must serve its Rule 11 motion on the opposing party and allow the opposing
    party 21 days to retract the offending paper, claim, defense, contention, allegation or denial
28  before filing a motion for sanctions with the Court.  Defendants West and the Villas complied
    with this requirement by serving a copy of their Motion to Dismiss on Plaintiffs' counsel on

9

1    Rule 11 requires that sanctions be assessed when a complaint is frivolous, legally

2    unreasonable, or without factual foundation. *See Zuniga v. United Can Co.*, 812 F.2d 443,

3    452 (9th Cir.1987). The rule thus creates and imposes upon counsel an affirmative duty of

4    investigation both as to law and fact before filing. *See Golden Eagle Distrib. Corp. v.*

5    *Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir.1986).  A filing violates Rule 11 if it is

6    unreasonable when viewed from the perspective of a reasonably competent attorney admitted

7    to practice before the district court. *See G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d

8    1096, 1109 (9th Cir. 2003).

9    In the present case, Plaintiffs filed two claims against West in this action despite the

10   fact that they knew of those claims prior to confirmation of West's bankruptcy plan and knew

11   that West had sought the protection of the bankruptcy court.  In fact, it appears that Plaintiffs

12   were fully aware that they should be seeking relief against West in bankruptcy court, given

13   that they appeared in the bankruptcy proceedings, objected to the plan of reorganization, and

14   filed a motion to lift the bankruptcy stay.[10]  It was legally unreasonable of Plaintiffs to think

15   that their claims against West in this Court would not be barred by 11 U.S.C. § 524(a) and

16   11 U.S.C. § 1141(d)(1)(A).

17   Similarly, even if Plaintiffs had no knowledge of their claim against the Villas until

18   after the Villas bankruptcy plan was confirmed, Plaintiffs were nonetheless without legal

19   justification for naming the Villas in their Amended Complaint.  The law is clear that if

20   Plaintiffs wish to proceed on a claim against the Villas that arose following confirmation of

21   the plan, they could seek relief from the finality of the plan in bankruptcy court via Federal

22   Rule of Bankruptcy Procedure 9024.

23   In addition, Plaintiffs' decision to voluntarily dismiss West and the Villas from this

24   action on the ground that they intended to seek relief in bankruptcy court is at complete odds

25   with its decision to name West and the Villas in their Amended Complaint in order to use this

26

27   March 24, 2008.  (Doc. No. 69, fn. 1.)

28      [10] In fact, Plaintiffs admitted during oral argument that they have been acting under
     advice of bankruptcy counsel.

10

1   litigation to hunt for evidentiary support for a future claim against the Defendants in this
2   Court.  Plaintiffs have further obfuscated their intent in pursuing this litigation by at times
3   insisting that West and the Villas had been dismissed from their Amended Complaint when
4   in fact the Amended Complaint brought new claims against West and the Villas following
5   dismissal of the original Complaint.  The inclusion of West and the Villas in Plaintiffs'
6   Amended Complaint under these circumstances is a legally unreasonable position that has
7   wasted the Court's resources and caused West and the Villas to incur unnecessary expense.

8         In addition, as defense counsel stated at oral argument, Plaintiffs continued on with
9   this mysterious and unreasonable litigation strategy despite repeated attempts by defense
10  counsel to explain to Plaintiffs' counsel that an action could not be brought in this Court
11  against West or the Villas due to the ongoing bankruptcy proceedings. Plaintiffs' conduct in
12  this litigation has required bankrupt parties to devote assets – which would have otherwise
13  been part of the bankruptcy estate and presumably channeled to creditors – to defending
14  meritless claims.  Although Plaintiffs now claim that their intent in naming West and the
15  Villas in the Amended Complaint was merely to preserve their right to proceed against West
16  and the Villas in the event that their bankruptcy proceedings were dismissed, that intent is
17  not proper, was not evident from the Amended Complaint, and Defendants had no choice but
18  to respond to the Amended Complaint: failure to do so would have put Defendants at risk of
19  default.

20        Defendants also seek an award of attorney's fees, after compliance with LRCiv. 54.2,
21  pursuant to A.R.S. § 12-341.01, on the grounds that this matter arose out of contract.
22  Arizona law, which is applicable to diversity actions such as this, permits the court to award
23  the successful party reasonable attorney's fees in any contested action arising out of a
24  contract.  A.R.S. § 12-341.01(A).  The statute provides that "The award of reasonable
25  attorney fees pursuant to subsection A should be made to mitigate the burden of the expense
26  of litigation to establish a just claim or a just defense." Plaintiffs' counsel acknowledges that
27  this matter arises out of contract and that an award of fees is permissible, as she herself
28  requested that the Court award Plaintiffs their attorneys' fees incurred in defending the

11

Motions to Dismiss.  (Response at 14.)   As discussed throughout this opinion, Plaintiffs' counsel's actions were unjustified and necessitated Defendants' efforts in seeking dismissal. Accordingly, the Magistrate concludes that an award of attorneys' fees pursuant to A.R.S. § 12-341.01 is appropriate.

For the foregoing reasons, the Magistrate recommends that the district court award sanctions against Plaintiffs and in favor of West and the Villas in the form of attorneys' fees incurred by West and the Villas in defending Plaintiffs' action.  The Magistrate further recommends that those sanctions be ordered against Plaintiffs' counsel, rather than Plaintiffs themselves. The basis for sanctions is the legal unreasonableness of Plaintiffs' claims against West and the Villas in this Court; it was Plaintiffs' counsel, not her clients, who designed the litigation strategy for the case.[11]

## RECOMMENDATION

The Magistrate Judge recommends the District Court, after is independent review of the record, enter an order GRANTING the Motion to Dismiss filed by West and the Villas (Doc. No. 66) and GRANTING the Motion for Sanctions filed by West and the Villas (Doc. No. 69.)   Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation.   If objections are not timely filed, they may be deemed waived.  If objections are filed, the parties should use the following case number: **CV-08-09-TUC-FRZ.**

DATED this 6th day of June, 2008.

Jennifer C. Guerin
United States Magistrate Judge

---

[11] Counsel admitted during oral argument that she would accept responsibility for West's legal fees incurred in bringing the Motion to Dismiss, but asked that the sanctions not be awarded against her clients.