6            IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

9   Armando Valles, et al.,                )   No. CV 08-00009-TUC-FRZ (JCG)
                                           )
10           Plaintiffs,                   )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Pima County, et al.,                   )
13                                         )
             Defendants.                   )
14                                         )
    _____   )
15

16      Pending before the Court is a Report and Recommendation (Doc. #173) issued by United

17  States Magistrate Judge Jennifer C. Guerin whereby she recommends granting three motions

18  to dismiss (Doc. #'s 149, 137, 151) for lack of jurisdiction.[1]   The Court has reviewed the

19  parties' objections and finds that they do not undermine the sound factual and legal analysis

20  employed by Magistrate Judge Guerin in reaching the correct conclusion that there is no

21  supplemental jurisdiction in this case. As such, the Court need not repeat the detailed factual

22  and legal analysis discussed in the Report and Recommendation.  The Court only briefly

23  notes that this case stems from a failed subdivision whereby the purchasers of lots in the

24  subdivision failed to receive the full value of their property as the defunct subdivision

25

26
        [1]The Court reviews de novo the objected-to portions of the Report and Recommendation.
27  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The Court reviews for clear error the unobjected-to
    portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739
28  (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

1   developer did not complete necessary improvements to the land at issue. In their Third

2   Amended Complaint, Plaintiffs allege only state law claims for negligence and

3   misrepresentation against Defendants Parkhurst, Sack and Long Realty, and Mason. Plaintiff

4   argues that the Court should assert supplemental jurisdiction over the state law negligence

5   and misrepresentation claims as they arise from a common nucleus of operative facts with

6   the federal claims asserted against the Pima County defendant. However, as the Report and

7   Recommendation discussed in detail, the Fifth Amendment Takings claim and Fourteenth

8   Amendment Due Process claim asserted against Pima County involve substantially different

9   factual and legal foundations compared to the state law negligence and misrepresentation

10  claims. As such, the Court finds that supplemental jurisdiction is not appropriate in this case

11  as discussed in the Report and Recommendation and therefore rejects Plaintiffs' objections;

12  thus, the Report and Recommendation properly concludes that  Defendants Parkhurst, Sack

13  and Long Realty, and Mason should be dismissed without prejudice for lack of jurisdiction.

14      While on the topic of supplemental jurisdiction, the Court notes that Magistrate Judge

15  Guerin issued a separate Report and Recommendation (Doc. #172) as to Defendants Hosack

16  and Desert Vista Engineering whereby she recommends granting Hosack's and Desert Vista

17  Engineering's motion for summary judgment on the merits based on the economic loss rule.

18  Additionally, the same Report and Recommendation correctly finds that Hosack and Desert

19  Vista Engineering are subject to dismissal as the Court lacks supplemental jurisdiction over

20  these particular Defendants. *See* Report and Recommendation at 10, n. 5 ("Although

21  Defendants Hosack and Desert Vista did not challenge the Court's subject matter jurisdiction,

22  the Court may consider the issue of subject matter jurisdiction at any time and must dismiss

23  an action if it determines that subject matter jurisdiction is lacking. *See* Rule 12(h)(3), Fed.

24  R. Civ. P. For the reasons stated in this Report and Recommendation recommending that the

25  District Court grant the motions to dismiss filed by Defendants Parkhurst, Mason, Sack, and

26  Long Realty (Doc. No. 17[3]), Defendants are also entitled to dismissal of Plaintiffs'

27  negligence claims because the Court lacks supplemental jurisdiction over the claim.").

28  Similar to Defendants Parkhurst, Sack and Long Realty, and Mason, the only claim asserted

1 against Hosack and Desert Vista Engineering is a state law claim for negligence. The Fifth

2 Amendment Takings claim and Fourteenth Amendment Due Process claim asserted against

3 Pima County involve substantially different factual and legal foundations compared to the

4 state law negligence claims asserted against Hosack and Desert Vista Engineering; the Court

5 finds that it lacks jurisdiction over the claims asserted against Hosack and Desert Vista

6 Engineering and these parties are therefore dismissed without prejudice.

7 The Court notes that Defendants Parkhurst and Mason filed very brief objections whereby

8 they summarily argue that they should be dismissed with prejudice based on the merits of

9 their claims pertaining to the economic loss rule and statutes of limitation. However, as the

10 Court has found that supplemental jurisdiction is lacking as to these specific defendants, their

11 objections pertaining to the merits of the underlying case are denied.[2]

12 Accordingly, IT IS HEREBY ORDERED as follows:

13 (1) The Report and Recommendation as to Defendants Parkhurst, Mason, Sack, and Long

14 Realty (Doc. #173) is **accepted and adopted**. The Defendants' motions to dismiss (Doc. #'s

15 149, 137, 151) are **granted**. Defendants Parkhurst, Sack, Long Realty, and Mason are

16 **dismissed from this action without prejudice**. The **Clerk of the Court shall enter**

17 **judgment accordingly**.

18 (2) The Report and Recommendation (Doc. #172) as to Defendants Hosack and Desert Vista

19 Engineering is **accepted and adopted to the extent that the Report and Recommendation**

20 **finds that supplemental jurisdiction is lacking as to Defendants Hosack and Desert**

21 **Vista Engineering**. As such, Defendants Hosack and Desert Vista Engineering are

22 **dismissed from this action without prejudice**. The **Clerk of the Court shall enter**

23 **judgment accordingly**. The motion for summary judgment (Doc. #152) filed by Defendants

24 Hosack and Desert Vista Engineering is denied as moot as they have been dismissed on the

25

26

27    [2]As to the remaining issues that were not objected to by the parties, the Court has reviewed
the record and concludes that Magistrate Judge Guerin's recommendations are not clearly erroneous.

28

separate ground that the Court lacks jurisdiction over the claims asserted against these Defendants.

(3) As pretrial proceedings still remain in this case, this case is hereby referred back to Magistrate Judge Jennifer C. Guerin for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72, and LRCiv 72.1, 72.2, and 72.3 of Rules of Practice of the United States District Court for the District of Arizona.

**All future filings in this case shall be designated:**

**CV 08-9-TUC-FRZ (JCG)**

DATED this 28th day of July, 2009.

FRANK R. ZAPATA
United States District Judge